

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
02/08/2016

|  |  |  |
|---|---|---|
| IN RE | ) | |
| UNIVERSITY GENERAL HOSPITAL SYSTEM, INC., ET AL., | ) ) ) | CASE NO. 15-31086-H3-11 |
| Debtors,[1] | ) ) | Jointly Administered |
| ANN LOVE, ET AL., | ) ) | |
| Plaintiffs, v. | ) ) ) | ADV. NO. 15-3124 |
| UNIVERSITY GENERAL HOSPITAL SYSTEM, INC., | ) ) ) | CASE NO. 15-31086-H3-11 |
| Defendant. | ) ) | |

MEMORANDUM OPINION

The court has held a non-evidentiary hearing on the "Emergency Motion for Sixty (60) Day Extension of Deadlines Set Forth in the Court's Order of October 15, 2015" (Docket No. 30) filed by Plaintiffs. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: University General Health System, Inc. (2346), UGHS Autimis Billing, Inc. (3352), UGHS Autimis Coding, Inc. (3425), UGHS ER Services, Inc. (6646), UGHS Hospitals, Inc. (3583), UGHS Management Services, Inc. (4100), UGHS Support Services, Inc. (3511), University General Hospital, LP (7964), and University Hospital Systems, LLP (3778).

To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

University General Hospital System, Inc., and eight other related entities ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 27, 2015. The Chapter 11 cases are jointly administered.

Debtors' Chapter 11 plan of liquidation was confirmed, by order entered on January 11, 2016 (Docket No. 799, Case No. 15-31086-H3-11).

Debtors' Chapter 11 plan provided generally for the creation of a liquidating trust, and appointment of a liquidating trustee, in order to disburse the proceeds of a sale of substantially all of Debtors' assets.  (Docket No. 732, Case No. 15-31086-H3-11).

No party timely appealed the order confirming the Chapter 11 plan.

On February 8, 2016, Michael D. Warner, the liquidating trustee appointed pursuant to the plan, filed a notice indicating, _inter_ _alia_, that the effective date of the plan occurred on February 4, 2016, and that the plan has been substantially consummated.  (Docket No. 835, Case No. 15-31086-H3-11).

Ann Love and Angela Marshall ("Plaintiffs") commenced the instant adversary proceeding on May 14, 2015.  In the complaint, Plaintiffs assert that they, and others similarly situated,[2] have been damaged by failure of Debtor University General Health System, Inc. ("Defendant") to give 60 days' notice of termination, under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq., in connection with the shutdown of non-debtor entity UGHS Dallas Hospitals, Inc. (Docket No. 1).  Plaintiffs have not filed proofs of claim in the Chapter 11 case.

Defendant has answered the complaint, denying the material allegations, and asserting what it characterizes as two affirmative defenses.  (Docket No. 11)

On May 15, 2015, this court entered its' "Comprehensive Scheduling, Pretrial, and Trial Order" (Docket No. 5).  In the order, the court, <u>inter alia</u>, required the completion of discovery and filing of dispositive motions no later than 180 days after the commencement of the adversary proceeding, and required filing of a joint pretrial statement no later than 210 days after the commencement of the adversary proceeding.

On August 19, 2015, the parties filed a "Joint Report of the Meeting and Joint Discovery/Case Management Plan under

---

[2] Plaintiffs filed a motion to certify a class action on January 22, 2016.  (Docket No. 28).  That motion remains pending.

Rule 26(f) of the Federal Rules of Civil Procedure" (Docket No. 16). The report indicated, <u>inter alia</u>, that the parties agreed to make initial disclosures on or before September 4, 2015, and that no discovery matters would require deviation from the Federal Rules of Civil Procedure.

On October 13, 2015, approximately one month before the deadlines for the closing of discovery and filing of dispositive motions under the initial scheduling order, plaintiffs sought a 90 day extension of all deadlines, on grounds the parties were working on an agreement to a form of protective order and had not yet begun document production. (Docket No. 18). The 90 day extension was granted, by order entered on October 15, 2015. (Docket No. 20).

The parties jointly moved for entry of a protective order. The protective order was entered on October 29, 2015. (Docket No. 23).

In the instant motion, Plaintiffs seek an additional 60 day extension of the deadlines for completion of discovery, filing of dispositive motions and a joint pretrial statement, and continuance of the pretrial conference and trial. In the instant motion, Plaintiffs assert that they have propounded discovery, and have informally inquired about further production after they found Defendant's initial production lacking. (Docket No. 30).

Warner opposes the instant motion. He asserts that

Plaintiffs have had, but not sought, available remedies, including seeking an order compelling production.  Warner also asserts a delay in resolution of the instant adversary proceeding will inevitably result in a delay in distributions to creditors under the confirmed Chapter 11 plan.  (Docket No. 31).

## Conclusions of Law

Under Rule 16(b)(3) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7016, the court's scheduling order must limit the time, *inter alia*, to complete discovery, and file motions.  Rule 16(b)(3), Fed. R. Civ. P.

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7016, a schedule may be modified only for good cause and with the judge's consent.  Rule 16(b)(4), Fed. R. Civ. P.

To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.  In determining whether there is good cause under Rule 16(b)(4), the court considers:  (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.  *Squyres v. Heico*

Companies, L.L.C., 782 F.3d 224 (5th Cir. 2015).

In the instant adversary proceeding, Plaintiffs have not exercised reasonable diligence in obtaining discovery. The protective order which formed the grounds for the court's previous extension of deadlines was entered more than three months prior to the deadline to complete discovery. Nonetheless, despite discovery responses which Plaintiffs found insufficient, they have not sought an order compelling production, or given notice of depositions. The extension sought is important, because it appears to relate to identification of all potential plaintiffs, if a class action were certified. However, the importance of the sought extension is outweighed in the instant adversary proceeding by the delay in distribution to all creditors which would be occasioned by further delay. The court concludes that Plaintiffs have not met their burden of showing reasonable diligence. The court concludes that the requested extension should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Emergency Motion for Sixty (60) Day Extension of Deadlines Set Forth in the Court's Order of October 15, 2015" (Docket No. 30) filed by Plaintiffs.

Signed at Houston, Texas on February 8, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE