

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED

03/07/2016

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| UNIVERSITY GENERAL HOSPITAL SYSTEM, INC., ET AL., | ) | CASE NO. 15-31086-H3-11 |
| | ) | |
| Debtors,[1] | ) | Jointly Administered |
| | ) | |
| ANN LOVE, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | ADV. NO. 15-3124 |
| | ) | |
| UNIVERSITY GENERAL HOSPITAL SYSTEM, INC., | ) | CASE NO. 15-31086-H3-11 |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

        The court has held an evidentiary hearing on the

"Plaintiffs' Motion for (a) Class Certification, (b) Appointment

of Class Representatives, (c) Appointment of Class Counsel, (d)

Approval of the Form and Manner of Class Notice, and (e) Such

Other and Further Relief as this Court May Deem Appropriate"

(Docket No. 28).  The following are the Findings of Fact and

Conclusions of Law of the court.  A separate Judgment will be

_____

        [1]The Debtors and the last four digits of their respective
taxpayer identification numbers are as follows: University
General Health System, Inc. (2346), UGHS Autimis Billing, Inc.
(3352), UGHS Autimis Coding, Inc. (3425), UGHS ER Services, Inc.
(6646), UGHS Hospitals, Inc. (3583), UGHS Management Services,
Inc. (4100), UGHS Support Services, Inc. (3511), University
General Hospital, LP (7964), and University Hospital Systems, LLP
(3778).

entered denying the motion.   To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

University General Hospital System, Inc., and eight other related entities ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 27, 2015. The Chapter 11 cases are jointly administered.   A joint plan was confirmed, by order entered on January 11, 2016.   Michael D. Warner ("Liquidating Trustee") is the liquidating trustee appointed pursuant to the plan to make distributions to creditors

Debtors' pre-petition business was centered on operation of a 72-bed general acute care hospital in Houston, Texas.   (Docket No. 733, Case No. 15-31086-H3-11).

Prior to the Chapter 11 petition date, Ann Love and Angela Marshall ("Plaintiffs") were employees of UGHS Dallas Hospitals, Inc. ("UGHS Dallas"), a non-debtor entity related to Debtor University General Health System, Inc. ("Defendant"), at a hospital located in Dallas, Texas.[2]

---

[2]The scope of the relationship between UGHS Dallas and Defendant is contested, but is not material to determination of the instant motion.   Plaintiffs contend that Defendant owned and controlled UGHS Dallas, and that Defendant is liable on a "single employer" theory.   Defendant has asserted that its ownership of UGHS Dallas is indirect, and that the single employer theory advanced by Plaintiffs lacks a factual basis.

At the hearing on the instant motion, both Love and Marshall testified that their employment by UGHS Dallas was terminated on December 19, 2014, when the hospital was closed.

On March 10, 2015, Debtors filed an application to employ UpShot Services, LLC ("UpShot") as the agent for receipt of proofs of claim, pursuant to 28 U.S.C. § 156(c).  The court granted the application, by order entered on March 26, 2015. (Docket No. 173, Case No. 15-31086-H3-11).

On March 31, 2015, Debtors moved for establishment of a bar date for filing proofs of claim in their Chapter 11 cases. (Docket No. 194, Case No. 15-31086-H3-11).  On April 27, 2015, after a hearing on the motion, the court entered an order establishing July 6, 2015 as the bar date for filing proofs of claim.  The order authorized Debtors, <u>inter</u> <u>alia</u>, to publish notice of the bar date in the Houston Chronicle and the Dallas Morning News, directed Debtors to publish each such notice twice, and deemed such publication to provide adequate notice of the bar date.  (Docket No. 279, Case No. 15-31086-H3-11).

The court takes judicial notice that the Houston Chronicle is a newspaper of general circulation in the Houston, Texas area, and that the Dallas Morning News is a newspaper of general circulation in the Dallas, Texas area.

Debtors' advertisement providing notice of the bar date was published in the Houston Chronicle and the Dallas Morning

News on April 30, 2015, and on May 29, 2015.  (Liquidating

Trustee's Exhibits 3, 6, 7).

On  Three individuals, Richard Scott Taylor, Raquel

Rodriguez, and Patricia Ann Leonard Barrow, filed proofs of claim

asserting priority employee claims.  (Liquidating Trustee's

Exhibit 28).  Love testified that Raquel Rodriguez was an

employee at the Dallas hospital.

On May 14, 2015, Plaintiffs filed the complaint in the

instant adversary proceeding.  In the complaint, Plaintiffs

assert claims against Defendant under the Worker Adjustment and

Retraining Notification Act (the "WARN Act"), on their own

behalf, and purportedly on behalf of all employees of UGHS

Dallas.

On August 18, 2015, counsel for Plaintiffs and counsel

for Defendant met and agreed on a joint discovery plan.  The

joint discovery plan reflected that Plaintiffs anticipated

commencing discovery before the end of September, 2015.  (Docket

No. 16).  This court's initial comprehensive scheduling, pretrial

and trial order required that discovery be completed no later

than 180 days after the date the adversary proceeding was filed.

(Docket No. 5).[3]

---

[3]The discovery deadline was extended once, on Plaintiffs'
unopposed motion.  Plaintiffs' second motion to extend the
discovery deadline was denied, after a non-evidentiary hearing.
In denying the motion, the court noted that Plaintiffs have not
exercised reasonable diligence in obtaining discovery.  (Docket

On October 6, 2015, Debtors moved for approval of an order establishing bid procedures for a sale of substantially all of their assets.  (Docket No. 596, Case No. 15-31086-H3-11). After a hearing, the court approved bid procedures, by order entered on October 15, 2015.  The order set a hearing to consider approval of the sale on November 9, 2015.  (Docket No. 621, Case No. 15-31086-H3-11).  The bid procedures resulted in an approved bid.  (Docket No. 621, Case No. 15-31086-H3-11).  The sale was approved by order entered on November 9, 2015.  The Purchase and Sale Agreement attached to the order provided for closing of the sale, to Foundation Surgical Hospital Holdings, LLC for $33 million, to occur on December 31, 2015.  (Docket No. 691, Case No. 15-31086-H3-11).  The sale closed on December 31, 2015. (Docket No. 841, Case No. 15-31086-H3-11).

On December 3, 2015, Debtors filed a joint Chapter 11 plan.  The Chapter 11 plan provided for the treatment of claims. The plan provided for priority non-tax claims against Defendant in Class A2.  Class A2 was designated as an unimpaired class. The plan provided for payment of the claims in Class A2 in full. (Docket No. 732, Case No. 15-31086-H3-11).  Concurrently, Debtors filed a disclosure statement with respect to the plan.  (Docket No. 733, Case No. 15-31086-H3-11).

---

No. 35).

After an expedited initial hearing, the court approved the disclosure statement, by order entered on December 7, 2015. The order set a confirmation hearing for January 11, 2016, and provided that any objection to the adequacy of disclosure would be considered at the confirmation hearing. (Docket No. 740, Case No. 15-31086-H3-11).

On January 7, 2016, Plaintiffs filed an objection to confirmation, asserting that the disclosure statement failed to adequately address Plaintiffs' WARN Act claims, improperly designated the class of claims as unimpaired, and failed to include an adequate liquidation analysis. In their objection, they asserted that the aggregate amount of their claims and those of others similarly situated was in excess of $3 million. (Docket No. 784, Case No. 15-31086-H3-11).

On the date on which Plaintiffs filed their objection to confirmation, which occurred 238 days after the date on which they filed the complaint in the instant adversary proceeding, and on the date of the confirmation hearing, which occurred 242 days after the date on which they filed the complaint in the instant adversary proceeding, Plaintiffs had not sought class certification.

At the confirmation hearing, the court heard argument from counsel for Plaintiffs on their objection, and ruled against the objection. (Docket No. 841, Case No. 15-31086-H3-11).

Debtors' Chapter 11 plan was confirmed, by order entered on January 11, 2016.  The confirmation order provided, <u>inter</u> <u>alia</u>, for the appointment of the Liquidating Trustee. (Docket No. 799, Case No. 15-31086-H3-11).  The court takes judicial notice that no party appealed the confirmation order.

On January 22, 2016, 253 days after the date on which Plaintiffs filed the complaint in the instant adversary proceeding, Plaintiffs filed the instant motion, seeking class certification.  (Docket No. 28).

On February 8, 2016, the Liquidating Trustee filed a notice indicating that the effective date of the plan occurred on February 4, 2016, and that the plan has been substantially consummated.  (Docket No. 835, Case No. 15-31086-H3-11).

At the hearing on the instant motion, Love testified that there were approximately 200 to 300 employees of UGHS Dallas, and Marshall testified that there were approximately 250 to 300 employees of UGHS Dallas.  Both testified that they were not aware of any notice received by any other employees.  The court finds that this testimony is of little weight as to Plaintiffs' contention that the putative class members have claims similar to those they allege.

## Conclusions of Law

Rule 23 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7023, provides in pertinent

part:

>> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>>
>>> (1) the class is so numerous that joinder of all members is impracticable;
>>>
>>> (2) there are questions of law or fact common to the class;
>>> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>>> (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23, Fed. R. Civ. P.

The party seeking class certification bears the burden of demonstrating that the requirements of Rule 23 have been met. O'Sullivan v. Countrywide Home Loans, Inc., 319 F.3d 732 (5th Cir. 2003).

In In re TWL Corp., 712 F.3d 886 (5th Cir. 2013), the Fifth Circuit addressed the standards applicable to a class action in the context of WARN Act claims in a bankruptcy case. The Fifth Circuit held that, in addition to sheer numbers, "assessing numerosity also entails consideration of 'the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim.'" The Fifth Circuit recognized several opinions on numerosity in which class members all had worked in the same area and could easily be identified and located; that it is not unusual in bankruptcy cases for large

Case 15-03124   Document 59   Filed in TXSB on 03/07/16   Page 9 of 11

numbers of claims to be filed such that joinder is not impracticable; and that the normal bankruptcy claims procedure was adequate to handle the claims.  <u>TWL</u>, 712 F.3d, at 895, <u>citing</u> <u>Jaynes v. U.S.</u>, 69 Fed. Cl. 450 (Fed. Cl. 2006); <u>In re Woodmoor</u> <u>Corp.</u>, 4 B.R. 186 (Bankr. D. Colo. 1980); and <u>In re First Magnus</u> <u>Fin. Corp.</u>, 403 B.R 659 (D. Ariz. 2009).

In the instant case, the only evidence presented suggests that UGHS Dallas had 250-300 employees.  No evidence was presented as to the geographical dispersion of the class, the ease with which class members may be identified, and the size of each potential plaintiff's claim.  The court concludes that Plaintiffs have failed to satisfy their burden of proof on the question of numerosity.

The requirement that the representative parties fairly and adequately protect the interests of the class requires an analysis of whether the representatives have a sufficient interest in, and nexus with, the class to insure vigorous prosecution of the action.  An inquiry into adequacy of representation necessarily concentrates on the competence of class counsel.  <u>In re FIRSTPLUS Fin., Inc.</u>, 248 B.R. 60 (Bankr. N.D. Tex.

In the instant case, both Love and Marshall appear adequate individually in their zeal to represent the class. However, as the court previously noted, Plaintiffs' counsel have

not exercised reasonable diligence in conducting discovery.  No

evidence was presented which would indicate that counsel is well-

poised to timely and diligently pursue such a class action.  The

court concludes that Plaintiffs have not satisfied their burden

of proof on the question of adequacy of representation.

In requiring a court to find that a class action is

superior to other available methods for fairly and efficiently

adjudicating the controversy, Rule 23(b)(3), Fed. R. Civ. P.

suggests a comparative process.  In a bankruptcy case,

bankruptcy-related factors, including whether class certification

will adversely affect the administration of the case are relevant

to whether the requirements have been met.  TWL, 712 F.3d, at

896.

If the instant case were to go forward as a class

action, it would necessarily delay the distribution to all other

classes of creditors under the plan, and might conceivably result

in a reduction in that distribution more significant than

anticipated by creditors who voted for the plan.[4]

In light of Plaintiffs' failure to meet their burden of

proof as to numerosity and adequacy of representation, the court

---

[4]The court notes that the asserted aggregate amount of WARN
Act claims under a purported class (in excess of $3 million) is a
sizable fraction of the entire proceeds of the sale of
substantially all the assets of the Debtors ($33 million), and
that Debtors have scheduled at least $20 million in secured and
priority claims.  (See Docket Nos. 256-264, Case No. 15-31086-H3-
11).

concludes that the instant motion for class certification should be denied.  A separate Judgment will be entered denying the "Plaintiffs' Motion for (a) Class Certification, (b) Appointment of Class Representatives, (c) Appointment of Class Counsel, (d) Approval of the Form and Manner of Class Notice, and (e) Such Other and Further Relief as this Court May Deem Appropriate" (Docket No. 28).

Signed at Houston, Texas on March 7, 2016.


_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE